The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



**/S/ RUSS KENDIG**

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| DELORISE KAY THOMAS, | CASE NO. 05-68035 |
| Debtor. | ADV. NO. 06-6188 |
| ANTHONY J. DEGIROLAMO, | JUDGE RUSS KENDIG |
| Plaintiff, | |
| v. | MEMORANDUM OF OPINION |
| DELORISE KAY THOMAS, | (NOT INTENDED FOR PUBLICATION) |
| Defendant. | |

On March 22, 2011, the court entered an order revoking Debtor's discharge. On May 9, 2011, Debtor moved to vacate the order. No objections were filed.

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## FACTS

Debtor filed a chapter 7 petition on October 13, 2005. In December 2005, the chapter 7 trustee Anthony J. DeGirolamo ("Trustee") determined that assets were available for distribution to creditors. The estate was comprised of the non-exempt equity in an

automobile titled to Debtor. Trustee and Debtor agreed to compromise the equity in the vehicle and Debtor was required to pay $3,444. The terms required twelve monthly payments of $250 per month and a balloon payment of $444 within twelve months. The compromise was approved by the court on February 23, 2006.

Debtor received a discharge on February 1, 2006.

On November 13, 2006, Trustee filed an adversary complaint to revoke Debtor's discharge. Trustee alleged Debtor failed to make payments under the compromise. Trustee sought revocation of Debtor's discharge under 11 U.S.C. § 727(d)(3) for failing to abide by a court order. Debtor did not answer the complaint, but entered into an agreed order in April 2007 to pay the full amount of her 2006 federal and state income tax returns toward the $3,444 owed. Additionally, she was required to make payments of $50 per month until the amount was paid in full. The order contained a default provision.

Trustee filed a notice of default on September 9, 2010. He indicated he had received payments totaling $2,050 since the agreed order resolving the adversary complaint but Debtor's last payment was made in May 2010. The notice of default was withdrawn on September 20, 2010. A subsequent notice of default was entered on March 7, 2011. At that point, Trustee had received a total of $2,850. The last payment from Debtor was September 2010. The order revoking the discharge was entered on March 22, 2011 following Debtor's failure to cure the default.

On May 9, 2011, Debtor filed an amended motion to vacate the revocation of discharge. The entirety of the motion follows:

> Now come the Debtors (sic), by and through the under-
> signed Counsel, and hereby moves (sic) this Court to
> vacate the Order Revoking Discharge entered on March
> 22, 2011 and for an Order to Reinstate debtor's discharge.
>
> The grounds for this motion is (sic) that debtor has paid
> the funds she owes to the Trustee and is now paid in full.
>
> Wherefore, Debtor prays for an Order in accordance with
> this Motion.

No objections were filed.

Trustee's interim reports give a glimpse of Debtor's payments.

| Date of Report: | Amount Collected: |
| --- | --- |
| 12/12/2005 | $    0.00 |
| 03/14/2007 | $  250.00 |
| 08/09/2007 | $  400.00 |
| 09/30/2008 | $1,050.00 |
| 08/05/2009 | $1,400.00 |
| 07/28/2010 | $2,050.00 |

Between entry of the compromise order and March 14, 2007, when payments were $250 per month, Debtor paid a total of $250.00 for the year. In 2007, after Debtor agreed to pay her

2

federal and state income tax refunds, she paid $150.00.

## LAW AND ARGUMENT

This case is a prime illustration of a debtor ignoring the smoke and waiting until she sees flames before looking for a fire extinguisher. In February 2006, Debtor agreed to pay Trustee $3,444. She did not fully comply with the order until March 2011, more than five years later. She defaulted in payments under the compromise order and then later defaulted on the agreed order resolving the adversary complaint. Creditors have waited five years for the pittance they are receiving. And, adding an accelerant to the fire, the bulk of the distribution will be paid on a nondischargeable student loan, so Debtor is the main benefactor of the delay.

This is not the first case of this type before the court. In December 2008, the court issued a memorandum to chapter 7 trustees advising:

> Recently, the Court has reviewed two orders to reinstate a discharge following entry of an order of revocation due to a debtor's non-payment and/or failure to comply with a turnover order. The decision to reinstate a discharge involves consideration of the conflicting goals of allowing a fresh start with preserving the finality of judgments.
>
> The Court will consider motions to reinstate discharges which have been revoked, but only upon presentation of a verified factual premise for vacating the order of discharge. In order to have a revocation order set aside, the Court must be informed of the "story" behind the revocation and the reason for the proposed reinstatement of the discharge, typically involving extenuating circumstances. A mere recitation of facts will not be sufficient: some verification must be provided. Additionally, upon successful reinstatement of the discharge, the court costs associated with the action must be paid by the debtor(s) absent truly unusual circumstances. The motion should also set forth the amount of any expenses that will not be paid to the estate, e.g. attorney fees.

The court interprets Debtor's motion to be a motion for relief from judgment or order under Rule 9024, which adopts Federal Rule of Civil Procedure 60 into bankruptcy practice. In applicable part, the rule provides:

> (b) Grounds for Relief from a Final Judgment, Order or Proceeding. On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

3

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). Application of relief under 60(b) is tempered by 'public policy favoring finality of judgment and termination of litigation.' Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund, 249 F.3d 519, 524 (6th Cir. 2001) (citing Waifersong, Ltd. Inc. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992). Movant bears the burden on a Rule 60(b) motion. See In re G.A.D., Inc., 340 F.3d 331 (6th Cir. 2003).

Debtor clearly has not met her burden on the present motion. The motion does not include any citation to any law, code provision or rule. And, based on the information before the court, Debtor has not convinced the court that merely paying the amount owed entitles her to reinstatement of the discharge.

A review of similar cases demonstrates that relief is often very fact-specific. Courts often take a hard line against debtors who are not blameless. For example, in In re Babcock, Debtors' discharge was revoked following their failure to cooperate with the trustee even though they did so on the advice of counsel. Debtors ultimately sought reinstatement of the discharge. Although the court recognized counsel's role in the revocation of debtors' discharge, it concluded that Debtors' bore some culpability in the situation and denied their request. *Accord* Fitzgerald v. Smith (In re Smith), 1995 WL 241398 (Bankr. D. Idaho 1995) (unreported); In re Jacobs, 2008 WL 4369273 (Bankr. D. Kan. 2008) (unreported). Conversely, a lack of culpability was key in In re Oxley, 2007 WL 2590166 (Bankr. D. Kan. 2007). In that case, a creditor objected to reinstatement of Debtors' discharge. In review, the court found that Debtors were unable to comply with the trustee's turnover order at the time it was entered and had not willfully disregarded the order, so the court allowed the reinstatement to stand.

A case in this district, In re Parker offers further emphasis on the significance of a debtor's involvement:

> The Court recognizes the importance of a discharge to debtors seeking bankruptcy relief under the Bankruptcy Code. However, reinstating the Debtor's discharge would impress other debtors that they can willfully fail to cooperate with a trustee and fail to comply with the Court's orders and still have their previously revoked discharge reinstated. Good faith is required of every debtor proceeding in bankruptcy. Moreover, the United States Supreme Court has held that there is no constitutional right to a bankruptcy discharge,

4

> meaning a debtor has to "earn" his or her discharge.
> A fundamental purpose of United States bankruptcy law
> is to provide a fresh start to the *honest* but financially
> distressed debtor. Local Loan Co. v. Hunt, 292 U.S.
> 234, 244, 54 S.Ct. 695, 78 L.Ed. 1230 (1934) (italics
> added).

403 B.R. 487, 494 (Bankr. N.D. Ohio 2009).

The record demonstrates that Debtor scorned court orders for years. She comes to the court with unclean hands and will not be rewarded.

Debtor's motion for reinstatement of her discharge will be denied by separate order issued concurrently with this opinion.

#   #   #

**Service List:**

John H Hornbrook
1400 N Market Ave
Canton, OH 44714-2608

Delorise Kay Thomas
1256 Manor Ave SW
Canton, OH 44710

Anthony J DeGirolamo
116 Cleveland Ave., N.W.
Suite 307
Canton, OH 44702

5